J. David Nelson (2385)
Robert D. Dahle (4819)
NELSON, SNUFFER, DAHLE & POULSEN, P.C.
10885 South State Street
Sandy, Utah 84070
(801) 576-1400
nsdpnelson@aol.com
bobdahle@aol.com

Attorneys for Plaintiff


IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| POWER LINE INDUSTRIES INC., A Utah corporation,<br><br>               Plaintiff,<br>     vs.<br><br>SPARTAN TOOL, L.L.C., a Delaware limited liability company, and JOHN DOES 1-20<br><br>             Defendants. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESCRIPTION, DILUTION OF FAMOUS MARK, INJURY TO BUSINESS REPUTATION AND COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**(Jury Trial Demanded)**<br><br>Case No.:  2:16-cv-00242-EJF<br><br>Judge:  Evelyn J. Furse |

Plaintiff  POWER LINE INDUSTRIES INC., by and through the undersigned counsel,

hereby complains against Defendant SPARTAN TOOL, L.L.C., and Defendants JOHN DOES 1-

20, and for cause of action alleges as follows:

**INTRODUCTION AND PARTIES**

1.    Plaintiff POWER LINE INDUSTRIES INC., hereinafter referred to as "Plaintiff"

1

and "Power Line," is a Utah corporation with principal offices in Salt Lake County, State of Utah.

2.     Defendant SPARTAN TOOL, L.L.C., hereinafter referred to as "Spartan" and "Defendant Spartan," on information and belief, is an Delaware limited liability company with principal offices in the City of Mendota, LaSalle County, State of Illinois, which is doing business in the State of Utah.

3.     Defendants JOHN DOES 1-20, hereinafter referred to as the "Doe Defendants," are individuals or entities whose identities are presently unknown to Plaintiff, and Plaintiff will seek to amend this Complaint and specifically identify and name each of the Doe Defendants when their respective identities have been ascertained, Defendant Spartan and the Doe Defendants being hereinafter referred to collectively as the "Defendants."

4.     This is an action for Trademark Infringement, Unfair Competition, False Description, Dilution of Famous Mark, Injury to Business Reputation, and Common Law Trademark Infringement, under the Lanham Act and applicable state law, arising from Defendants' unauthorized use of the mark HOT JET and other marks in violation of the Plaintiff's rights in the mark HOTJETUSA and HOTJET II, for drain cleaning equipment and related goods.

5.     In or about the year 2008, Morris Morgan, an individual residing in Salt Lake County, State of Utah, hereinafter referred to as "Morgan", appropriated the trademark HOTJETUSA, by placing goods in interstate commerce under this mark, such uses being pervasive throughout the United States and certain foreign countries, and Morgan has made a

2

substantial investment since 2008 of time, effort and money in developing and promoting this trademark.

6.      In or about the year 2009, Morgan appropriated the trademark HOTJET II, by placing goods in interstate commerce under this mark, such uses being pervasive throughout the United States and certain foreign countries, and Morgan has made a substantial investment since 2009 of time, effort and money in developing and promoting these trademarks.

7.      On or about October 7, 2008, Morgan filed a trademark application, Application No. 76693397,  with the United States Patent and Trademark Office, hereinafter referred to as the "USPTO", for registration of the mark HOTJETUSA, for the goods "Pressure washers and drain line jetting equipment and accessories therefor", which application resulted in registration of the trademark on the USPTO Principal Register, Registration No. 3621325, on May 19, 2009, which registration is outstanding and valid.

8.      On or about June 1, 2015, Morgan filed a trademark application, Application No. 86646802,  with the USPTO, for registration of the mark HOTJET II, for the goods "Drain and sewer line cleaning equipment, namely, drain line jetters and structural parts therefor; multi-purpose high pressure washers", which application resulted in registration of the trademark on the USPTO Principal Register, Registration No. 4892331, on January 26, 2016, which registration is outstanding and valid.

9.      In or about the year 2008, Morgan licensed the use of the mark HOTJETUSA to Plaintiff, Plaintiff being wholly owned at that time and at the present time by Morgan, which license is still outstanding and valid, and which license includes the right to enforce all trademark

3

rights associated with the mark HOTJETUSA, including, but not limited to, the right to institute the present action in the name of Plaintiff.

10.     In or about the year 2009, Morgan licensed the use of the mark HOTJET II to Plaintiff, Plaintiff being wholly owned at that time and at the present time by Morgan, which license is still outstanding and valid, and which license includes the right to enforce all trademark rights associated with the mark HOTJET II, including, but not limited to, the right to institute the present action in the name of Plaintiff.

11.     Since receiving the license for the mark HOTJETUSA, Plaintiff has made a substantial investment since 2008 of time, effort and money in developing and promoting this trademark.

12.     Since receiving the license for the mark HOTJET II, Plaintiff has made a substantial investment since 2009 of time, effort and money in developing and promoting this trademark.

13.     By virtue of the respective licenses for the marks HOTJETUSA and HOTJET II, hereinafter referred to collectively as the "Plaintiff's Marks,"  by Morgan to Plaintiff, and the time, effort and money invested by Morgan and Plaintiff in the development and promotion of Plaintiff's Marks, Plaintiff is the licensee and holder of all the rights arising under the federal registration of Plaintiff's Marks, arising under the Lanham Act, arising under federal or state Common Law, or  otherwise arising under applicable federal law or state law.

14.     On information and belief, in or about the month of February, 2015, Defendants commenced using, and to date continue to use, the marks HOT JET, MODEL 743 HOT JET, and MODEL 746 HOT JET, hereinafter referred to collectively as the "Infringing Marks", in regard

to drain line jetting equipment and accessories therefor, and in regard to drain and sewer line cleaning equipment, namely, drain line jetters and structural parts thereof, and commencing in the month of February, 2015 and continuing thereafter to date, Defendants have offered for sale and have sold drain line jetting equipment and accessories therefor, and drain and sewer line cleaning equipment, namely, drain line jetters and structural parts thereof, under the Infringing Marks.

15.     The use by Defendants of the Infringing Marks have caused actual confusion in the marketplace and in particular, in the channels of trade of Plaintiff's goods.

16.     On information and belief, Defendant Spartan is a Delaware limited liability company which is doing business in the State of Utah, including offering to sell and selling goods, including but not limited to, drain line jetting equipment and accessories therefor, and drain and sewer line cleaning equipment, namely, drain line jetters and structural parts thereof, in the State of Utah under the Infringing Marks.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121, 15 U.S.C. §1125, and 28 U.S.C. §1331 and 1338(a) and (b).

18.     Personal jurisdiction in this district is proper inasmuch as Defendant Spartan expressly states, acknowledges, admits and confirms, in its website:

"Ever since its origins, Spartan Tool has focused selling directly to the end user of our equipment.  Today we have dozens of Territory Managers employed throughout the United States who routinely call on drain cleaners, plumbers, maintenance staffs, municipalities, and other costumers."

and Defendant Spartan and the Doe Defendants have solicited business and have conducted business within the State of Utah, which business includes, but is not limited to, sales of drain

5

line jetting equipment and accessories therefor, and drain and sewer line cleaning equipment, namely, drain line jetters and structural parts thereof, and related goods, to individuals and businesses residing in the State of Utah, thereby purposing availing themselves of the privilege of acting and conducting business in the State of Utah; and jurisdiction is further proper under Utah's long-arm statute, Utah Code Annotated §78B-3-205, because, without limitation, the claims against Defendants arise out of business transacted by Defendants in the State of Utah and Defendants have caused injury to Plaintiff in the State of Utah.

19.    This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with Plaintiff's federal claims and arise from a common nucleus of operative facts such that the administration of Plaintiff's state law claims with its federal claims furthers the interest of judicial economy.

20.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and ( c).

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT UNDER LANHAM ACT §32

21.    Plaintiff realleges and incorporates by reference each of the allegations of the preceding paragraphs.

22.    Plaintiff has continuously used Plaintiff's Marks in commerce since the respective dates of first use of the marks and has continuously used Plaintiff's Marks since the respective dates of federal registration, for the goods identified for the marks.

23.    Since at least as early as February, 2015, through use of the Infringing Marks, Defendants have infringed and continue to infringe Plaintiff's Marks in interstate commerce without permission and authority of Plaintiff and said use by Defendants has caused and is likely

6

to continue to cause confusion, to cause mistake and to deceive the public as to the identity of Plaintiff's goods.

24.     Defendants had both actual and constructive knowledge of the federal registration of Plaintiff's Marks and of Plaintiff's rights in the federally registered Plaintiff's Marks prior to Defendants' infringement of those marks.

25.     Since the time Defendants commenced the infringement of the federally registered Plaintiff's Marks, Defendants have been aware that Plaintiff's licensed marks are registered with the USPTO, which includes an awareness of the display of the Plaintiff's Marks on Plaintiff's products and on Plaintiff's web site where the Plaintiff's Marks are displayed with the registered trademark symbol, the letter "R" enclosed within a circle.

26.     Defendants adopted and continue to use the Infringing Marks in commerce, which Infringing Marks are confusingly similar to the federally registered Plaintiff's Marks, with full knowledge of Plaintiff's superior rights, and with full knowledge and intent that the use of the Infringing Marks was causing and would continue to cause confusion, mistake and deception.

27.     Defendants offer their goods under the Infringing Marks in the same channels of trade as those in which Plaintiff's legitimate goods and services are offered.

28.     Defendants' use of the Infringing Marks in connection with the goods of Defendants is likely to cause, and has caused, confusion, mistake or deception as to the affiliation, connection or association of the goods with Plaintiff, in violation of 15 U.S.C. § 1114.

29.     Defendants' actions constitute knowing, deliberate, and willful infringement of Plaintiff's federally registered and licensed marks, and the knowing and intentional nature of the

acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

30.     As a result of Defendants' infringement, Plaintiff has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its federally registered Plaintiff's Marks, which continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law, and Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

31.     The foregoing acts of infringement have been and continue to be deliberate, wilful, malicious and wanton, or were committed with reckless disregard for the potential and probable injury to Plaintiff.

32.     Each of the Defendants were acting as the employee, partner, or agent of each of the other Defendants in regard to the foregoing, and, accordingly, are jointly and severally liable for the damages to Plaintiff.

33.     Plaintiff is entitled to judgment against Defendants, jointly and severally, for compensatory damages, punitive damages to the extent provided by law, treble damages to the extent provided by law, disgorgement of profits, a temporary restraining order and a preliminary injunction during the pendency of this action, and a permanent injunction against Defendants, as well as Plaintiff's costs and attorney fees incurred.

## SECOND CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION UNDER LANHAM ACT §43, PASSING OFF, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND MISAPPROPRIATION

34.     Plaintiff realleges and incorporates by reference each of the allegations of the preceding paragraphs.

35.     Defendants' use of the mark HOT JET, as well as the other Infringing Marks, to promote, market, or sell their products in direct competition with Plaintiff's products constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a), and Defendants' use of HOT JET, as well as the other Infringing Marks, is likely to cause confusion, mistake, and deception among consumers.

36.     Plaintiff's Marks, as used by Plaintiff in connection with providing the goods identified above, are distinctive marks and have become associated with Plaintiff and do exclusively identify Plaintiff's goods.

37.     Plaintiff's Marks, as used by Plaintiff in connection with the business of Plaintiff, and in connection with providing the goods identified above, have become associated with Plaintiff and do exclusively identify Plaintiff's business, including its business of providing the goods identified above.

38.     Defendants have deliberately and willfully attempted to trade on Plaintiff's longstanding and hard-earned goodwill in its name and the Plaintiff's Marks and the reputation established by Plaintiff in connection with its products and services, as well as in order to confuse consumers as to the origin and sponsorship of Defendants' goods and to pass off their products and services in commerce as those of Plaintiff.

39.     Defendants' unauthorized and tortuous conduct has also deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its products offered under Plaintiff's marks, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendants.

40.     Defendants' conduct is likely to cause confusion, mistake or deception as to the

affiliation, connection or association of Defendants with Plaintiff, and as to the origin,

sponsorship or approval of Defendants and their products in violation of Section 43 of the

Lanham Act, 15 U.S.C. § 1125(a)(1).

41.     Defendants had direct and full knowledge of Plaintiff's prior use of and rights in

its marks before the acts complained of herein, and the knowing, intentional and willful nature of

the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

42.     As a result of Defendants' aforesaid conduct, Plaintiff has suffered commercial

damage, as well as the continuing loss of the goodwill and reputation established by Plaintiff in

Plaintiff's Marks, which continuing loss of goodwill cannot be properly calculated and thus

constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law.

Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

43.     Because of Defendant's wrongful use of HOT JET and the other Infringing

Marks,  in their appropriation of the marks licensed to Plaintiff, there is a likelihood of confusion

and there has been and will continue to actual confusion as to the source of Plaintiff's and

Defendant's goods, and consumers are deceptively caused to believe that the goods and services

of Defendant originate with or is approved by Plaintiff, in violation of §43(a) of the Lanham Act,

15 U.S.C. §1125(a), or alternatively will cause patrons to believe that Plaintiff's Marks are

generic, thus destroying the goodwill and the value Plaintiff has built with Plaintiff's Marks.

44.     The foregoing acts and conduct by the Defendants constitute unfair competition,

passing off, false designation of origin, false advertising, and appropriation in connection with

products distributed by Defendants in interstate commerce, in violation of §43(a) of the Lanham

Act, 15 U.S.C. §1125(a), as well as applicable state law.

45.     Defendants' actions further constitute unfair competition within the meaning of Utah Code Annotated § 13-5a-101 et seq., the Utah Unfair Competition Act, as well as the laws of other states, and pursuant to Utah Code Annotated § 13-5a-101 et seq., as well as the laws of other states, Plaintiff is entitled to recover actual damages, costs, attorney fees, and punitive damages.

46.     Defendants' acts, as set forth above, have caused and continue to cause substantial damages to Plaintiff which Plaintiff is entitled to recover from Defendants.

47.     Defendants' acts, as set forth above, and Defendants' unfair competition, have caused and continue to cause irreparable injury to Plaintiff, including, but not limited to, Plaintiff's goodwill and reputation and, therefore, an award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and therefore, Plaintiff lacks adequate remedy at law.

48.     The foregoing acts of infringement and unfair competition have been and continue to be deliberate, wilful, malicious and wanton.

49.     Plaintiff is entitled to judgment against Defendants, jointly and severally, for compensatory damages, punitive damages to the extent provided by law, treble damages to the extent provided by law, disgorgement of profits, a temporary restraining order and a preliminary injunction during the pendency of this action, and a permanent injunction against Defendants, as well as Plaintiff's costs and attorney fees incurred.

### THIRD CAUSE OF ACTION
### FALSE DESCRIPTION

50.     Plaintiff realleges and incorporates by reference each of the allegations of the preceding paragraphs.

51.     Defendants' wrongful uses of Plaintiff's Marks are such colorable imitations and

copies of Plaintiff's Marks established in the drain cleaning equipment market in which Plaintiff's products and Defendants' products are sold, that Defendants' use thereof is likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Plaintiff's products, or to deceive consumers as to the origin, sponsorship or approval by Plaintiff of the Defendants' counterfeit products.

52.     Defendants' use of the mark HOT JET, as well as the other Infringing Marks, comprises a false description or representation of Defendants' business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

53.     Defendants' acts, as set forth above, have caused and continue to cause substantial damages to Plaintiff which Plaintiff is entitled to recover from Defendants.

54.     Defendants' acts, as set forth above, have caused and continue to cause irreparable injury to Plaintiff, including, but not limited to, Plaintiff's goodwill and reputation and, therefore, an award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and therefore, Plaintiff lacks adequate remedy at law.

55.     The foregoing acts of Defendants have been and continue to be deliberate, wilful, malicious and wanton.

56.     Plaintiff is entitled to judgment against Defendants, jointly and severally, for compensatory damages, punitive damages to the extent provided by law, treble damages to the extent provided by law, disgorgement of profits, a temporary restraining order and a preliminary injunction during the pendency of this action, and a permanent injunction against Defendants, as well as Plaintiff's costs and attorney fees incurred.

## FOURTH CAUSE OF ACTION
## COMMON LAW INJURY TO BUSINESS REPUTATION

57.     Plaintiff realleges and incorporates by reference each of the allegations of the preceding paragraphs.

58.     Defendants' wrongful use of Plaintiff's Marks inures to and creates a likelihood of injury to Plaintiff's business reputation because persons encountering Plaintiff and its products and services will believe that Plaintiff is affiliated with or related to or has the approval of Defendants, and any adverse reaction by the public to Defendants and the quality of its products and the nature if its business will injure the business reputation of Plaintiff and the goodwill that it enjoys in connection with Plaintiff's Marks.

59.     Defendants' acts, as set forth above, have caused and continue to cause substantial damages to Plaintiff which Plaintiff is entitled to recover from Defendants.

60.     Defendants' acts, as set forth above, have caused and continue to cause irreparable injury to Plaintiff, including, but not limited to, Plaintiff's goodwill and reputation and, therefore, an award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and therefore, Plaintiff lacks adequate remedy at law.

61.     The foregoing acts of Defendants have been and continue to be deliberate, wilful, malicious and wanton.

62.     Plaintiff is entitled to judgment against Defendants, jointly and severally, for compensatory damages, punitive damages to the extent provided by law, treble damages to the extent provided by law, disgorgement of profits, a temporary restraining order and a preliminary injunction during the pendency of this action, and a permanent injunction against Defendants, as well as Plaintiff's costs and attorney fees incurred.

**FIFTH CAUSE OF ACTION**
**DILUTION OF FAMOUS MARKS UNDER 15 U.S.C. § 1125 ( c)**

63.     Plaintiff realleges and incorporates by reference each of the allegations of the preceding paragraphs.

64.     Plaintiff's Marks are famous and distinctive, and are famous trademarks within the meaning of the Anti-Dilution Act, 15 U.S.C. §1125( c), and are entitled to protection against dilution by blurring or tarnishment.

65.     Defendants commenced use of the Infringing Marks in commerce after Plaintiff's Marks had become famous and distinctive.

66.     Plaintiff has no control over the quality of Defendants' goods, advertising and other commercial materials being used by Defendants, Defendants' use of the Infringing Marks, or Defendants' misappropriation of Plaintiff's Marks, and as a result of such use by Defendants, distinctive qualities of Plaintiff's marks are being and will continue to be diluted, in violation of 15 U.S.C. §1125©.

67.     Defendants' wrongful conduct constitutes an extreme threat to the distinctiveness of Plaintiff's marks that Plaintiff has expended great efforts to develop and maintain.

68.     By using the Infringing Marks in connection with Defendants' products, consumers are deceived as to the origin of those goods, and Defendants have injured and will continue to injure Plaintiff's business reputation, have tarnished and will continue to tarnish the distinctive quality of the famous Plaintiff's Marks, and have lessened the capacity of the famous Plaintiff's Marks to identify and distinguish Plaintiff's goods, in violation of 15 U.S.C. § 1125( c).

69.     As a result of Defendants' dilution and tarnishment of Plaintiff's Marks, Plaintiff

has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Plaintiff's Marks, and this continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law, and Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

70.     The famous and distinctive nature of Plaintiff's marks are enormous value, and Plaintiff is suffering and will continue to suffer irreparable harm and blurring of Plaintiff's marks if Defendants' wrongful conduct is allowed to continue, and such conduct will likely continue unless enjoined by this Court.

71.     The foregoing acts of infringement have been and continue to be deliberate, wilful, malicious and wanton.

72.     Plaintiff is entitled to judgment against Defendants, jointly and severally, for compensatory damages, punitive damages to the extent provided by law, treble damages to the extent provided by law, disgorgement of profits, a temporary restraining order and a preliminary injunction during the pendency of this action, and a permanent injunction against Defendants, as well as Plaintiff's costs and attorney fees incurred.

## SIXTH CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT

73.     Plaintiff realleges and incorporates by reference each of the allegations of the preceding paragraphs of this Complaint.

74.     Defendant's acts as described above constitute infringement of Plaintiff's common law trademark rights, under federal law and the law of the various states, appropriated through the use by Morgan and Plaintiff of Plaintiff's Marks in commerce and interstate

15

commerce at least as early as 2008 and 2009 respectively.

75.      As the proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost profits, loss of royalties, and great damage to its business, goodwill, reputation, and the strength of its trademarks, all in amounts which are presently unknown to the Plaintiff and for which proof will be offered at trial.

76.      The injury and damage to Plaintiff is and continues to be ongoing and irreparable, and, therefore, an award of monetary damages alone cannot fully compensate Plaintiff for its injuries and damages, and, therefore, Plaintiff lacks an adequate remedy at law.

77.      The foregoing acts of Defendants have been and continue to be deliberate, wilful, malicious and wanton.

78.      Plaintiff is entitled to judgment against Defendants, jointly and severally, for compensatory damages, punitive damages to the extent provided by law, treble damages to the extent provided by law, disgorgement of profits, a temporary restraining order and a preliminary injunction during the pendency of this action, and a permanent injunction against Defendants, as well as Plaintiff's costs and attorney fees incurred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Power Line Industries Inc. prays for judgment against Defendant as follows:

1.      That Defendants, their respective officers, agents, servants, employees, owners, licensees, representatives and attorneys, and those persons in active concert or participation with them, be preliminarily, during the pendency of this action, and thereafter permanently, enjoined and restrained from:

16

A.      Using the marks HOT JET, MODEL 743 HOT JET, or MODEL 746 HOT JET or any variation of a mark including the words HOT JET or HOTJET, or confusingly similar marks, in connection with promotion, marketing, advertising, offering for sale, or sale of goods or services;

B.      Unfairly competing, passing off, falsely designating the origin of goods or services, falsely advertising, or appropriating through the use of the either of the marks HOT JET, MODEL 743 HOT JET, or MODEL 746 HOT JET or any variation of a mark including the words HOT JET or HOTJET, or confusingly similar marks;

C.      Diluting or blurring, Plaintiff's Marks HOTJET USA or HOTJET II;

D.      Doing any act, including offering, selling or providing any goods or services that induce the belief that the businesses, products or services of Defendant are in any way connected with, sponsored, affiliated, licensed or endorsed by Plaintiff;

E.      Using the marks HOT JET, HOTJET, HOTJETUSA or HOTJET II for goods or services, on the internet or elsewhere, as to domain names, e-mail addresses, or web-site addresses, or otherwise engaging in acts or conduct that will cause confusion as to the source of the goods or services of Defendant, or the goods or services of Plaintiff.

2.      The Defendants be directed to file with this Court and serve upon Plaintiff, within thirty (30) days of the service of the permanent injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants has complied with the permanent injunction.

3.      That the Defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising,

promotional material or the like in possession, custody or under the control of Defendants

bearing a trademark found to infringe on Plaintiff's trademark rights, as well as all plates,

matrices, molds, dies, masters and other means of making the same.

      4.     That, pursuant to 15 U.S.C. § 1117 and applicable state law, Plaintiff recover its

actual damages sustained as a result of Defendants' wrongful actions alleged herein.

      5.     That, pursuant to 15 U.S.C. § 1117 and applicable state law, Plaintiff recover

Defendants' profits made as a result of Defendants' wrongful actions and that Defendants be

compelled to account to Plaintiff for any and all profits derived by Defendants for their illegal

acts complained of herein.

      6.     That Plaintiff recover three times Defendants' profits made as a result of

Defendants' wrongful actions or three times Plaintiff's damages, whichever is greater, to the

extent provided by law.

      7.     The Plaintiff recover statutory damages to the extent provided by law.

      8.     That the Court declare this to be an exceptional case and award Plaintiff its full

costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and applicable state law.

      9.     That Plaintiff recover its reasonable attorney fees and costs from the Defendants,

to the extent provided by law.

      10.     That Plaintiff be awarded exemplary damages for Defendants' intentional, wilful,

malicious and wanton acts.

      11.     That the Court grant Plaintiff any other remedy to which it may be entitled as

provided by 15 U.S.C. §§ 1116 and 1117 or under state law.

      12.     That Plaintiff recover pre-judgment and post judgment interest as provided by 15

U.S.C. § 1117 or other applicable federal or state law.

13.    That Plaintiff recover its costs of court.

14.    That Plaintiff recover such further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the *Federal Rules of Civil Procedure*, plaintiff hereby demands a

trial by jury of all issues so triable.

DATED this 28th day of March, 2016.

NELSON, SNUFFER, DAHLE & POULSEN, P.C.


/s/ J. David Nelson
J. David Nelson

Plaintiff's Address
Power Line Industries Inc
14773 South Heritage Crest Way
Riverton, UT 84065

Court Address
United States District Court for the District of Utah
351 South West Temple
Salt Lake City, Utah 84101